IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND

| | | |
|---|---|---|
| PATRICK MAIETTA, | * | |
| Petitioner. | * | |
| v. | * | Civil No. PX-18-2185 |
| DENISE GELSINGER, *Warden*,[1] | * | |
| Respondent. | * | |

## **MEMORANDUM OPINION**

Patrick Maietta filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, collaterally attacking his 2013 conviction for sexual abuse of a minor. ECF No. 1. Initially Respondent contended that the Petition was untimely because Maietta's state court motion for modification of sentence, filed pursuant to Maryland Rule 4-345, did not toll the one-year limitations period applicable to federal habeas petitions. ECF No. 8, pp. 23-24. This Court concluded, however, that in light of the Fourth Circuit decision, *Mitchell v. Green*, 922 F. 3d 187, 198 (4th Circ. 2019), the Petition was timely. Accordingly, the Court directed Respondents to address the merits of the Petition, which they have done. ECF No. 34. Maietta has also replied. ECF Nos. 36, 38, and 54. The Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.[2]

---

[1] The Clerk shall amend the docket to reflect the correct name of Respondent.
[2] Maietta has also renewed his request for appointed counsel (ECF No. 50), and to "Waive Court Copy Fee" (ECF No. 51), and separately requested a copy of his supplemental response at ECF No. 36. ECF No. 52. The Court again denies the motion for court appointed counsel, and likewise denies his request to have an unidentified

1

**I.      Background**

On February 20, 2013, Maietta was charged with two counts of sexual abuse of a minor. ECF No. 8-1, p. 24.  During a hearing on August 22, 2013, Maietta entered an *Alford*[3] plea to Count 2 of the indictment, sexual abuse of a minor.  ECF No. 8-1, p. 19.  On the same day, the Circuit Court sentenced Maietta to 20 years incarceration with all but 12 years suspended.  He was credited with time served and given three years supervised release.  *Id*.  He did not file an application for leave to appeal his conviction or sentence.  *See generally* ECF No. 8-1, pp. 7-24 (Case Summary for *State v. Maietta,* Circuit Court for Washington County, Case No. 21-K-13-048385).

On October 22, 2013, Maietta filed a Motion for Modification of Sentence pursuant to Maryland Rule 4-345(e).  ECF No. 8-1, pp. 17, 25-26.  The motion was held sub curia and ultimately denied on August 14, 2018.  ECF No. 8-1, pp. 8, 17, 27, 356.

While the Motion for Modification was pending Maietta filed a state petition for postconviction relief which he later amended.  ECF No. 8-1, pp. 16, 17, 28-85.  In the postconviction petition, Maietta alleged that his *Alford* plea was improper, that he received ineffective assistance of counsel, and that the prosecutor committed misconduct.  *Id.*  Maietta represented himself at the postconviction hearings which were held on May 25, November 10, and December 21, 2016.  ECF No. 8-1, pp. 11-14.  On March 6, 2017, the Circuit Court denied postconviction relief.  ECF No. 8-1, pp. 11, 127-140.

On March 23, 2017, Maietta filed a "Notice of Appeal" regarding the denial of postconviction relief.  The pleading simply stated, "Patrick Allen Maietta notes an appeal of the

---

"90 plus page document copied and mailed to him" because he has failed to demonstrate a particularized need for any of the requested documents.  *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972).

[3] *See North Carolina v. Alford*, 400 U.S. 25 (1970) (holding it is constitutionally permissible for a defendant to knowingly and voluntarily plead guilty while maintaining his innocence).

denial of post conviction relief in the above captioned case to the Court of Special Appeals." ECF No. 8-1, p. 141. The Circuit Court docketed the notice as an "Application for Leave to Appeal." ECF No. 8-1, pp. 11, 141.

On the same day, Maietta also filed an Application for Leave to Appeal the Denial of Post-Conviction Relief in the Court of Special Appeals on court-approved self-help forms. ECF No. 8-1, pp. 143-171. The Clerk for the Court of Special Appeals returned the Application to Maietta with a letter advising him that he must file the Application in Circuit Court within specified time limits. ECF No. 8-1, p. 142. Maietta refiled the Application on April 11, 2017 in the Circuit Court. ECF No. 8-1, p. 10.

The Application was ultimately docketed in the Court of Special Appeals on July 6, 2017, and then dismissed pursuant to Maryland Rule 8-602(a)(1) as untimely filed. ECF No. 8-1, pp. 174-75. The Court of Special Appeals explained that the Circuit Court had denied the Petition for Post-Conviction Relief on March 6, 2017, and by the time the Application was refiled on April 11, the deadline for doing so had passed. ECF No. 8-1, p. 174. The Court explained that filing by the Application deadline "is jurisdictional" and that the original "Notice of Appeal" was not sufficient because it did not include "a concise statement of the reasons why the judgment should be reversed or modified' [or] 'specify the errors allegedly committed by the lower court'" as required under Maryland law. ECF No. 8-1, pp. 174 & n. 1.

Maietta moved for reconsideration, arguing that the Application was timely in that Maietta mailed it on April 4, 2017. ECF No 8-1, p. 181. The Court of Special Appeals denied the motion on August 2, 2017 and the mandate issued on August 7, 2017. ECF No. 8-1, pp.176-82, 183-84. On September 1, 2017, Maietta next filed in the Circuit Court a "Request for Re-Date and Re-File of Post Conviction Opinion and Order (ECF No. 8-1, pp. 9-10, 221-27), which was denied on September 19, 2017. *Id*., p. 239.

On September 14, 2017, Maietta requested permission to file a belated petition for certiorari in the Court of Appeals of Maryland seeking review of the Court of Special Appeals' dismissal of his appeal. ECF No. 8-1, pp. 229-44. The request was docketed as a petition for certiorari, and Maietta was directed to file a supplement. *Id.*, p. 228. Maietta filed the supplement on October 10, 2017 (*id.*, pp. 247-76) and on October 20, 2017, the Court of Appeals dismissed the petition "on the grounds of lateness." *Id.*, p. 277.

Maietta next turned to this Court. He filed his claim by letter pleading which he supplemented on October 19, 2018. ECF Nos. 1, 2, 3, and 3-2. Collectively he asserts four claims. First, Maietta maintains that he had been subject to unconstitutional searches, in violation of the Fourth Amendment to the United States Constitution. ECF No. 3, p. 9. He also claims that because he had been charged by complaint and not indictment, the state violated his Fifth Amendment due process rights. ECF No. 5, pp. 9, 12 and ECF No. 3-2, pp. 11-12, 23-24. Second, Maietta contends that his trial attorney provided constitutionally ineffective assistance because he failed to investigate or obtain exculpatory evidence and coerced Maietta into accepting a plea "based on falsified subtle threats, improper inducements, and an inappropriate promise not made known to the court[.]" ECF No. 3, pp. 9, 12-13; ECF No. 3-2, pp. 13-17, 24-29. Third, Maietta alleges that his *Alford* plea was "involuntary" or "defective" because it was induced by his attorney's alleged improper conduct. Maietta further claims that his plea had been unconstitutionally obtained because he had been promised that the father of the accuser would "'drop' the West Virginia pressing of charges if Petitioner accepted the Maryland plea deal." ECF No. 3, pp. 9, 13-14; ECF No. 3-2, pp. 17-18, 29-30.

Fourth and finally, Maietta argued that the Circuit Court's acceptance of his plea was "invalid" and "unlawful" because the court had not required the State to demonstrate a "strong factual basis" for the plea and did not obtain from Maietta "an acknowledgement or admission

of facts, factual basis, State's evidence of 'sufficient state's evidence to convict[.]'" ECF No. 3, pp. 9, 14 (alteration in capitalization). Maietta alleges that these errors violated "Maryland and federal court procedure" as well as his right to due process. ECF No. 3, p. 14; ECF No. 3-2, pp. 18-19, 32-37, 39.

For the reasons discussed below, each of Marietta's claims are procedurally defaulted.

## II.     Analysis

Before a federal court may consider claims raised in a federal habeas petition, the petitioner must first present the claims to the highest state court with jurisdiction to hear it; the petitioner must raise the claim at every stage of the state proceeding whether it be through post-conviction or on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Failure to raise the claims at every stage of the applicable state proceedings results in a procedural default of the claim, foreclosing federal habeas relief. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule

5

provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (4th Cir. 1998), citing *Coleman*, 501 U.S. at 731-32. Under Maryland law, "an allegation of error is waived when a petitioner could have made, but intelligently and knowingly failed to make the allegation . . . in a prior [post-conviction] petition." Md. Code Ann., Crim. Proc. § 7-106(b). A rebuttable presumption exists that this waiver was knowing and intelligent. *Id*. at § 7-106(b)(2).

Even if a claim is procedurally defaulted, the Court may still reach the claim if the petitioner satisfies the "cause and prejudice" standard, or shows that failure to review the claim will result in a fundamental miscarriage of justice. *Gray*, 806 F.3d at 798. Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error; and (2) actual prejudice from the alleged error. *Bousley*, 523 U.S. at 622; *see also Dretke*, 541 U.S. at 393; *Reed*, 512 U.S. at 354; *Frady*, 456 U.S. at 167-68. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488).

Alternatively, the Court may reach a defaulted claim if the petitioner shows that failure to review the claim would result in a miscarriage of justice, that is, conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96 ; *Breard*, 134 F.3d at 620. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.; see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Assertions of actual innocence used as a gateway to review an otherwise defaulted claim must be supported by new evidence that demonstrates no reasonable juror could not have convicted the petitioner. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

The Court first discusses why the claims are procedurally defaulted and next why no

6

evidence justifies reaching the claims, nonetheless.

The record reflects that none of the claims before this Court were presented at every available level of State court review. Maietta's first set of claims regarding his Fourth and Fifth Amendment rights were not litigated in state court at all. Indeed, Maietta's *Alford* plea constitutes a waiver of all "challenges to pretrial proceedings." *Ward v. State*, 83 Md. App. 474, 480 n. 2 (1990); *see also State v. Gutierrez*, 153 Md. App. 462, 473 (2003) (noting that for purposes of postconviction relief, "'an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation . . . in an application for leave to appeal a conviction based on a guilty plea'") (citing Md. Code Ann., Crim. Proc. §7–106(b)(1)(i)(4)). [6]

Nor did Maietta adequately litigate his Fourth and Fifth Amendment claims in his state postconviction proceedings. Claims are fairly presented only where "the operative facts and the controlling legal principles" are together presented to the state court. *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010) (citations omitted). Although Maietta referenced that the state had charged him without probable cause, and noted he had proceeded without an indictment or arraignment, (ECF No. 8-1, pp. 62-66; ECF No. 34-3, pp. 36-41), Maietta had not argued with any particularity that his Fourth or Fifth Amendment rights had been violated. Accordingly, it is no surprise that the postconviction decision makes no mention of these issues. ECF No. 8-1, pp. 127-40. Nor did Maietta raise any such claims when seeking review of the postconviction decision. ECF No. 8-1, pp. 143-71. That failure to include the claim in his Application for leave to appeal is alone renders the claims procedurally defaulted. *Pevia v.*

---

[6] Maietta was specifically advised of this waiver when the state court inquired: "THE COURT: Do you understand that when you tender this plea you give up the right to complain about any mistakes, defects, error or irregularities in the State's case, including an invalid search or seizure, an invalid confession, and an invalid arrest? DEFENDANT MAIETTA: Yes, sir." ECF No. 8-2, p. 8.

*Bishop*, Civil. No. ELH-16-1223, 2019 WL 3412649, at *13 (D. Md. July 26, 2019)("The unexhausted claims are procedurally defaulted, as [Petitioner] failed to present them in his application for leave to appeal and the state courts would now find that he cannot assert those claims.")

Maietta's remaining claims are also procedurally defaulted. Even though Maietta raised the remaining claims in his state postconviction proceedings, he failed to properly seek timely appellate review when relief was denied. To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). None of the claims were presented before the Court of Special Appeals because the Court dismissed the Application for leave to appeal as untimely. ECF No. 8-1, pp. 174-5. The court "clearly and expressly base[d] its dismissal of [the] habeas petitioner's claim on a state procedural rule, and the procedural rule provides an independent and adequate ground for the dismissal[.]" *Breard,* 134 F.3d at 619. Thus, Maietta cannot relitigate the claims in his federal habeas petition. *See Coleman*, 501 U.S. at 750, *see also Richmond v. Polk*, 375 F.3d 309, 322 (4th Cir. 2004); *O'Sullivan*, 526 U.S. at 847 (where habeas petitioner failed to seek discretionary review from state appellate court and "the time for filing such a petition ha[d] long passed," it "resulted in a procedural default"); *See also Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *accord Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The claims, therefore, are procedurally defaulted.[9]

---

[9] Even if Maietta's final three claims were not procedurally defaulted, they would not entitle him to relief. This Court gives "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). This Court "must [also] presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be

The Court lastly considers whether Maietta has established the applicability of any exceptions to the procedural default rule that would allow the claims to proceed. The Court sees none. Maietta has offered nothing to establish that a fundamental miscarriage of justice would result if this Court does not reach the merits of his claims. And no credible evidence exists demonstrating that that Maietta is actually innocent of the offenses to which he had been convicted. *See Schlup*, 513 U.S. at 316. The Petition, therefore, must be dismissed.

### III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Maietta has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Maietta may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied. A separate Order follows.

---

unreasonable." *Id*. A thorough review of the record demonstrates that the post-conviction court's findings of fact and legal conclusions were well supported and reasonable. There is simply no basis in the record to disagree with the postconviction court's sound analysis.

   8/16/21                                                      /S/

Date                                                         Paula Xinis
                                                                   United States District Judge